UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORGANIZED COMMUNITIES AGAINST DEPORTATIONS, IMMIGRANT DEFENSE PROJECT, and CENTER FOR CONSTITUTIONAL RIGHTS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 21 C 2519 |
| v. | ) ) | Judge Blakey |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) | |
| Defendant. | ) | |

## L.R. 56.1 STATEMENT OF MATERIAL FACTS
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, submits the following statement of material facts as to which there is no genuine issue pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois.

### Jurisdiction and Venue

1.      This is an action brought under the Freedom of Information Act (FOIA), and the court has subject matter jurisdiction under 5 U.S.C. § 552.  Dkt. 1 (Complaint) ¶ 1.

2.      Venue is proper in this district because plaintiff Organized Communities Against Deportations reside in this district.  Dkt. 1 (Complaint) ¶ 18.

### Parties

3.      Plaintiffs Organized Communities Against Deportations, Immigrant Defense Project, and Center for Constitutional Rights are non-profit advocacy organizations.  Dkt. 1 (Complaint) ¶¶ 13-15.

4.     Defendant U.S. Immigration and Customs Enforcement, or ICE, is the principal investigative arm of the Department of Homeland Security and is the second-largest investigative agency in the federal government.  Ex. A (Pineiro Decl.) ¶ 21.

**FOIA Requests to ICE**

5.     When ICE receives a proper FOIA request, ICE's FOIA office identifies which program offices are reasonably likely to possess responsive records and tasks those offices with conducting the necessary searches.  Ex. A (Pineiro Decl.) ¶¶ 13-14.

6.     ICE's program offices are typically staffed with a designated point-of-contact who is the primary person responsible for communicating with the FOIA office.  Ex. A (Pineiro Decl.) ¶ 15.  Each point of contact has detailed knowledge about the operations of their program office. *Id.*

7.     Once ICE's FOIA office determines the appropriate program offices for a given FOIA request, it provides the points of contact in each program office with the FOIA request and instructs them to search for responsive records.  Ex. A (Pineiro Decl.) ¶ 16.

8.     Based on their experience and knowledge of their program office practices and activities, each point of contact will send the request and any instructions to the employees or component offices within the program office that the point of contact believes are reasonably likely to possess responsive records.  Ex. A (Pineiro Decl.) ¶ 16.

9.     The employees and component offices are instructed to search their file systems— including both paper files and electronic files—that in their judgment, based on their knowledge of the manner in which they routinely keep records, would be the places reasonably likely to have responsive records.  Ex. A (Pineiro Decl.) ¶ 16.

10.     ICE employees maintain records in several ways, and ICE's program offices use various systems to maintain records.  Ex. A (Pineiro Decl.) ¶ 17.  ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive if the office uses one, DVDs, CDs, or USB storage devices.  *Id*.  Determining whether a particular location must be searched in response to a particular FOIA request is necessarily based on the manner in which a particular employee maintains their files.  *Id*.

11.     Once the searches are complete, the employees and component offices provide any potentially responsive records to the point of contact, who in turn provides them to the FOIA office.  Ex. A (Pineiro Decl.) ¶ 16.  The FOIA office then reviews the records for responsiveness and to determine whether any appropriate FOIA exemptions apply.  *Id*.

### Plaintiff's FOIA Request

12.     Plaintiffs sent ICE a FOIA request on July 16, 2020, seeking "information related to 'citizen's academies' operated by ICE."  Ex. A (Pineiro Decl.) ¶¶ 6-7.

13.     ICE's FOIA office initially determined that its Enforcement and Removal Operations component and its Homeland Security Investigations component were the two components likely to have responsive records.  Ex. A (Pineiro Decl.) ¶ 22.

14.     Enforcement and Removal Operations is responsible for the arrest and removal of aliens, managing ICE's detention operations, and providing medical and mental health care to people in ICE custody.  Ex. A (Pineiro Decl.) ¶ 23.

15.     Homeland Security Investigations is DHS's principal investigative arm and is responsible for investigating transnational crime and threats, specifically criminal organizations that exploit the global infrastructure through which international trade, travel and finance move.  Ex. A (Pineiro Decl.) ¶ 23.

16.     Enforcement and Removal Operations deferred to the Office of Public Affairs and the Office of Partnership and Engagement, so ICE's FOIA office tasked those offices with searching for responsive records.  Ex. A (Pineiro Decl.) ¶¶ 25-26, 30, 33.

17.     The Office of Public Affairs is ICE's public face and is comprised of a team of communications professionals dedicated to telling ICE's story and fostering an understanding of the agency's mission through outreach to employees, the media, and the general public.  Ex. A (Pineiro Decl.) ¶ 29.

18.     The Office of Partnership and Engagement coordinates ICE's outreach efforts with critical stakeholders—including state, local, tribal, and territorial governments; elected officials; law enforcement; the private sector; faith-based organizations; and colleges and universities—to ensure a unified approach to external engagement.  Ex. A (Pineiro Decl.) ¶ 32.

### Enforcement and Removal Operations

19.     Although Enforcement and Removal Operations deferred to the Office of Public Affairs and the Office of Partnership and Engagement, ICE's FOIA office subsequently re-tasked Enforcement and Removal Operations to search for responsive records.  Ex. A (Pineiro Decl.) ¶¶ 26-28.

20.     An Enforcement and Removal Operations analyst searched Enforcement and Removal Operations' shared drive and its sent and received emails using the terms "Academy," "Citizens Academy," and "Citizens," and found no responsive records.  Ex. A (Pineiro Decl.) ¶ 28.

### Office of Public Affairs' Search

21.     The Office of Public Affairs requested clarification from plaintiffs on July 28, 2020, and plaintiffs provided a clarification letter on August 7, 2020, stating that they were "requesting

records regarding all citizen academies ICE, or any of its subagencies (such as HSI), has run since January 1, 2016 in 'any jurisdiction' including the academies run in New York in 2017, Los Angeles in 2016 and the upcoming academy planned for Chicago in 2020." Ex. A (Pineiro Decl.) ¶ 10.

22.　　The Office of Public Affairs conducted a search of its shared drive using the search terms "Citizen," "Academy," "Citizens Academy," "Citizens' Academy," "HSI Citizens Academy," "DHS Academy," "Graduation Ceremony," "Citizen Academies," "presentations," "materials," "costs," "invites," and "certificates." Ex. A (Pineiro Decl.) ¶ 30.

23.　　The Office of Public Affairs also conducted a search of its sent and received emails using the search terms "Academy," "Citizens Academy," "Citizen," "Citizen's Academy," "Citizens' Academy," "HSI Citizens Academy," "DHS Academy," "Graduation Ceremony," "Citizen Academies," "national budget for all ICE citizen academy programs," "training and orientation materials distributed for each session and/or class," "staffing records and data for all ICE citizen academy programs," "ICE policies or protocols for how it selects academy applicants," "tactical equipment used by and/or demonstrated to citizens academy participants," "presentations," "materials," "costs," "invites," and "certificates." Ex. A (Pineiro Decl.) ¶ 30.

24.　　The Office of Public Affairs located 1,113 pages of potentially responsive records and sent them to ICE's FOIA office for review and processing. Ex. A (Pineiro Decl.) ¶ 31.

**Office of Partnership and Engagement's Search**

25.　　The Office of Partnership and Engagement conducted a search of its shared drive using the search terms "Citizen," "Citizen's," "Citizen's Academy," "Citizens Academy," "Citizens Academy Atlanta," "Citizens," "HSI Citizen's Academy," "Citizens Academy, CA," "Academy," "HSI Tampa," "HSI Citizens," ""HSI Citizen Academy," "Citizen Academy," "HSI's

Citizen Academy," "James Manning," "Sonia Thomas," and "Rachel Yong Yow." Ex. A (Pineiro Decl.) ¶ 33.

27. The Office of Partnership and Engagement also conducted a search of its sent and received emails using the search terms "Citizen," "Citizen's," "Citizen's Academy," "Citizens Academy," "Citizens Academy Atlanta," "Citizens," "HSI Citizen's Academy," "Citizens Academy, CA," "Academy," "HSI Tampa," "HSI Citizens," "HSI Citizen Academy," "Citizen Academy," "HSI's Citizen Academy," "James Manning," "Sonia Thomas," "Maricruz," "Tatum," and "Rachel Yong Yow." Ex. A (Pineiro Decl.) ¶ 33.

27. The Office of Partnership and Engagement located 343 pages of potentially responsive records and sent them to ICE's FOIA office for review and processing. Ex. A (Pineiro Decl.) ¶ 34.

**Homeland Security Investigation's Search**

28. Homeland Security Investigations conducted a search of its shared drive using the search terms "Citizens," "Citizens Academy," "Citizen's Academy," "Citizen Academy," "Academy," "ICE Citizen Academy," "ICE Citizens Academy," "HSI Citizens Academy," "Citizens Academy Training," "Citizens Academy Schedule," "Use of Force," "Citizen's Academy (CA)," "2019 Class," "Invitation." "Participants," "Staff," "Training," "Presentation," "Agenda," "Memo," "Receipts," "Procedures," "Equipment," and "CPI PSA." Ex. A (Pineiro Decl.) ¶ 36.

29. Homeland Security Investigations also conducted a search of its sent and received emails using the search terms "Citizens," "Citizens Academy," "Citizen's Academy," "Citizen Academy," "ICE Citizen Academy," "ICE Citizens Academy," "Citizens Academy Denver," "ICE Citizens Academy," "HSI Citizens Academy," "Citizens Academy Training," "Citizens Academy

6

Schedule," "Citizens Academy Nomination," "certificates," "tent cards for participants," "Use of Force," "Citizens '19," "Citizens 2019," "Academy 2019," "Academy 2020," "Citizens Academy 2021," "Academy 2021," "Citizens '20," "Citizens '21," "Scenarios," "Participants," "PCTW," "Nominees," "Citizen's Academy (CA)," "2019 Class," "Invitation," "Staff," "Training," "Presentation," "Agenda," "Memo," "Receipts," "Procedures," "Equipment," "HSI Miami," and "Staffing." Ex. A (Pineiro Decl.) ¶ 36.

30.     Homeland Security Investigations located 5,500 pages of potentially responsive records and sent them to ICE's FOIA office for review and processing. Ex. A (Pineiro Decl.) ¶ 37.

## ICE's Productions

31.     ICE ultimately produced 6,956 pages of responsive records over the course of 17 productions. Ex. A (Pineiro Decl.) ¶ 40.

## ICE's Withholdings

32.     ICE withheld from its productions information exempt from disclosure under FOIA exemptions 5, 6, 7(C), and 7(E). Ex. A (Pineiro Decl.) ¶ 40; *see also* 5 U.S.C. § 552(b).

33.     ICE has prepared a *Vaughn* index setting forth the bases for its withholdings. Ex. A (Pineiro Decl.) ¶ 38.

34.     Under Exemption 5, ICE withheld pre-decisional, deliberative internal discussions, deliberations, and recommendations between DHS and ICE employees regarding how to respond to media inquiries about the Citizen's Academy program and information about the program's operational planning. Ex. A (Pineiro Decl.) ¶ 43. ICE released its final responses to the media inquiries but withheld the internal, pre-decisional and deliberative discussions that occurred before the responses were finalized. *Id.*

35.     The discussions were pre-decisional in nature because they were held for the purpose of helping to make a final decision on how to respond to outside inquiries.  Ex. A (Pineiro Decl.) ¶ 44.  Releasing the material would chill ICE's internal decision-making processes because it would discourage the expression of candid opinions, inhibit the free and frank exchange of information between agency personnel, and ensure that personnel would be less inclined to produce and circulate materials for consideration and comment by coworkers.  *Id.* ¶ 46.

36.     Under Exemptions 6 and 7(C), ICE withheld names, contact information, office numbers, initials, social security numbers, and other personally identifiable information of third-party individuals and ICE employees.  Ex. A (Pineiro Decl.) ¶ 54.

37.     The withheld information, if disclosed, could cause harm to the ICE employees, expose them to identity theft, and could reasonably lead to unwanted contact from someone seeking to harm them.  Ex. A (Pineiro Decl.) ¶ 55.  In recent years, ICE employees have received an increase in threats, intimidation, and personal attacks due to the nature of their work, and publicly disclosing their information could subject them to harassment or harm.  *Id.* ¶ 56.  And releasing their email addresses—which are not publicized—could expose them to increased cyber threats.  *Id.*

38.     Indeed, reflecting these concerns, in 2020 the Office of Personnel Management approved ICE's request to be designated as a "security/sensitive" agency for FOIA purposes, ensuring that the Office of Personnel Management will withhold any personally identifying information pertaining to ICE employees.  Ex. A (Pineiro Decl.) ¶ 57.

39.     Likewise, third-party individuals have a privacy interest in not being publicly associated with law enforcement organizations through the release of records compiled for law enforcement purposes, due to the stigmatizing connotation that could come from being mentioned

in law enforcement files.  Ex. A (Pineiro Decl.) ¶ 58.  Their privacy interest outweighs the minimal public interest (if any) in the information's disclosure, and disclosure would serve no public benefit and would not assist the public in understanding how ICE is carrying out its statutory duties.  *Id.*

40.     Having determined that the disclosure of the information described above would constitute a clearly unwarranted invasion of personal privacy, ICE withheld only the names of the individuals and other personally identifiable information.  Ex. A (Pineiro Decl.) ¶ 60.

41.     Under Exemption 7(E), ICE withheld law-enforcement-sensitive information, specifically information about the methods ICE uses to conduct operations.  Ex. A (Pineiro Decl.) ¶ 63.

42.     The law-enforcement-sensitive information that ICE withheld is used in furtherance of ICE's obligation to enforce the United States' immigration laws by conducting removal operations and ensuring that the operations are not hindered by the actions of bad actors relying on confidential, law-enforcement-sensitive information and intelligence.  Ex. A (Pineiro Decl.) ¶ 64.

43.     Disclosing the law-enforcement-sensitive information that ICE withheld would serve no public benefit and could help third parties circumvent the law, and in particular the disclosure of the methods that ICE uses to conduct removal operations could cause interference with its removal operations and allow bad actors to evade removal, adversely affect law enforcement operations, or engage in activity that could threaten the safety of ICE employees or the public.  Ex. A (Pineiro Decl.) ¶ 65.

### Segregability

44.     ICE conducted a line-by-line review to identify information exempt from disclosure or for which a discretionary waiver of an exemption could be applied.  Ex. A (Pineiro Decl.) ¶ 69.

45.     All information not exempt from disclosure was segregated, and ICE released the non-exempt portions.  Ex. A (Pineiro Decl.) ¶ 70.

46.     ICE did not withhold any non-exempt information on the ground that it was non-segregable.  Ex. A (Pineiro Decl.) ¶ 70.

## Overall

47.     Overall, ICE searched all of its locations likely to contain records responsive to plaintiffs' FOIA requests and ensured that any non-exempt information was disclosed.  Ex. A (Pineiro Decl.) ¶¶ 14, 16, 22, 25-28, 30-31, 33-34, 36-37, 40-41.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| _____ ) | |
| ORGANIZED COMMUNITIES AGAINST ) | |
| DEPORTATIONS, IMMIGRANT DEFENSE PROJECT, ) | |
| And CENTER FOR CONSTIUTIONAL RIGHTS ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-02519 |
| ) | |
| U. S. IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT ) | |
| ) | |
| ) | |
| ) | |
| *Defendants*. ) | |
| ) | |
| _____ ) | |

### DECLARATION OF FERNANDO PINEIRO

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

1

2.      As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3.      I make this declaration in support of ICE's Motion for Summary Judgment in the above-captioned action. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

4.      This declaration provides a description of how ICE received Plaintiffs' two FOIA requests, how ICE searched for and processed records in response to Plaintiffs' FOIA requests, and how ICE disclosed records located in response to Plaintiffs' FOIA requests.

5.      In addition, in accordance with the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration explains the basis for withholding portions of the requested information pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). **ICE's *Vaughn* Index is attached hereto as Attachment A**.

## I. PROCEDURAL HISTORY OF THE PLAINTIFFS' FOIA REQUESTS AND THE INSTANT LITIGATION

6.      This suit stems from a FOIA request Plaintiffs sent to ICE dated July 16, 2020. **A true and complete copy of Plaintiffs' FOIA Requests to ICE are attached hereto as Attachment B.**

7.      The FOIA request to ICE was acknowledged on July 20, 2020, and included four subparts seeking "information relating to 'citizen's academies' operated by ICE." The requestor also included requests for expedited processing and a fee waiver. The FOIA request to ICE was acknowledged on July 20, 2020, and assigned tracking number 2020-ICFO-66235.

8.      The ICE FOIA Office tasked Homeland Security Investigations ("HSI") and Enforcement and Removal Operations ("ERO") on July 20, 2020.

9.      ERO and HSI responded to the ICE FOIA Office and deferred to the Office of Public Affairs ("OPA").  The ICE FOIA Office then tasked OPA to conduct a search on July 22, 2020.

10.     On July 28, 2020, OPA requested clarification from the requestor.  The requestor provided a clarification letter on August 7, 2020, stating they are "requesting records regarding all citizen academies ICE, or any of its subagencies (such as HSI), has run since January 1, 2016, in 'any jurisdiction' including the academies run in New York in 2017, Los Angeles in 2016 and the upcoming academy planned for Chicago in 2020."

11.     The requestor appealed FOIA request 2020-ICFO-66235 on August 25, 2020, due to the constructive denial of the fee waiver and expedited processing. This appeal was assigned tracking number 2020-ICAP-00469. The appeal adjudication letter of September 17, 2020, affirmed the denial of expedited treatment and granted the fee waiver.

12.     On May 11, 2021, not having heard from ICE, Plaintiffs filed the Complaint in the Northern District of Illinois.

## II. ICE'S STANDARD PROCEDURE FOR INITIATING SEARCHES IN RESPONSE TO FOIA REQUESTS

13.     When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to determine if it is a proper FOIA request per DHS FOIA regulation 6 C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it reasonably describes the records sought and the records are under the purview of ICE.

14.     Proper FOIA requests are entered into a database known as Secure Release and assigned a case tracking number. Based upon the requestor's description of the records being sought and ICE FOIA's knowledge of the various program offices' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.

15.     ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs, the Office of Enforcement and Removal Operations (ERO), the Office of Professional Responsibility (OPR), the ICE FOIA Office, the Office of the Director, the Office of the Principal Legal Advisor (OPLA), and the Chief Financial Officer (CFO). The program offices are typically staffed with a designated point of contact (POC) who is the primary person responsible for communications between that program office and the ICE FOIA Office. Each POC is a person with detailed knowledge about the operations of his/her respective program office.

16.     Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices, based upon their experience and knowledge of ICE's program offices, within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches. Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The POCs then review the FOIA request, along with any case-specific instructions that may have been provided and based on their experience and knowledge of their program office practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any. In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, would most likely be the files to contain responsive documents. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn, provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.

17.     ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs,

CDs, and/or USB storage devices. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files.

18.     Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.

19.     Records received by the ICE FOIA Office from the program office POCs are assigned to a FOIA processor who determines whether or not the records are responsive to the FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregated non-exempt information is released.

20.     Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly segregated. Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requestor.

## III. DESCRIPTION OF PROGRAM OFFICES TASKED WITH SEARCHING FOR RECORDS IN RESPONSE TO PLAINTIFFS' FOIA REQUESTS

21.     ICE is the principal investigative arm of DHS and the second largest investigative agency in the federal government. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now employs more than 20,000 people in offices in every state and in 48 foreign countries.

22.     After reviewing the FOIA requests, the ICE FOIA Office determined that because of the subject matter of Plaintiffs' FOIA Requests, ERO and HSI, were the program offices likely

to have responsive records (if such records existed). Therefore, based on their subject matter expertise and knowledge of the agency record systems, the ICE FOIA Office instructed these program offices to conduct a comprehensive search for records and to provide all potentially responsive records located during that search to the ICE FOIA Office for review and processing. Accordingly, and based on the information described below, all locations likely to contain records responsive to Plaintiffs' FOIA Requests (to the extent that they exist within ICE's custody) were searched.

23.     ERO is responsible for arrest and removal of aliens, managing ICE detention operations and providing medical and mental health care to persons in ICE custody. HSI is the principal investigative arm of DHS, responsible for investigating transnational crime and threats, specifically those criminal organizations that exploit the global infrastructure through which international trade, travel and finance move. OPA is the agency's public face, a team of communications professionals dedicated to telling the story of ICE and fostering an understanding of the agency's mission through outreach to employees, the media and the general public.

## **ERO's Search in Response to Plaintiffs' FOIA Requests**

24.     ERO oversees programs and conducts operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States.  ERO prioritizes the apprehension, arrest, and removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls.  ERO manages all logistical aspects of the removal process, including domestic transportation, detention, alternatives to detention programs, bond management, and supervised release.

25.     When ERO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to ERO's Information Disclosure Unit (IDU).  A POC in IDU reviews the substance of the request and based on the subject matter expertise and knowledge of the program offices' activities within ERO, IDU determines whether it can search for records, or whether it is necessary to forward the FOIA request to specific individuals and component offices to conduct searches of

their files systems which in their judgement, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any.

26. Based on the nature of the Plaintiffs' FOIA Requests, the IDU POC deferred the initial FOIA request to The Office of Public Affairs (OPA) and The Office of Partnership and Engagement (OPE).

27. Subsequent to the initiation of the lawsuit, ERO was tasked again on July 16, 2021, whereby ERO again deferred to OPA and OPE.

28. On January 3, 2023, upon receipt of another supplemental FOIA tasking from the ICE FOIA Office, a Management & Program Analyst at ERO conducted a search of their shared drive using the terms "Academy," "Citizens Academy," and "Citizens." The same MPA conducted a search of his/her own sent and received emails using the terms "Academy," "Citizens Academy," and "Citizens."

28. There were no potentially responsive records found, and once again ERO deferred to OPA and OPE.

### OPA's Search in Response to Plaintiffs' FOIA Requests

29.     OPA is the agency's public face, a team of communications professionals dedicated to telling the story of ICE and fostering an understanding of the agency's mission through outreach to employees, the media and the general public.

30. Upon receipt of the initial FOIA request from the ICE FOIA Office, a Public Affairs Specialists at OPA conducted a search of their shared drive database using the terms "Citizen," "Academy," "Citizens Academy," "Citizens' Academy," "HSI Citizens Academy," "DHS Academy," "Graduation Ceremony," "Citizen Academies," "presentations," "materials," "costs," "invites," and "certificates." They also conducted a search of their sent and received emails using the terms "Academy," "Citizens Academy," "Citizen," "Citizen's Academy" "Citizens' Academy," "HSI Citizens Academy," "DHS Academy," "Graduation Ceremony," "Citizen Academies," "national budget for all ICE citizen academy programs," "training and orientation

materials distributed for each session and/or class," staffing records and data for all ICE citizen academy programs," "ICE policies or protocols for how it selects academy applicants," tactical equipment used by and/or demonstrated to citizens academy participants," "presentations," "materials," "costs," "invites," "FOIA," and "certificates."

31. In total, 1113 pages of potentially responsive records were located and sent to the ICE FOIA Office for review and processing.

## OPE's Search in Response to Plaintiffs' FOIA Requests

32. OPE coordinates the agency's outreach efforts with critical stakeholders nationwide, including state, local, tribal, territorial (SLTT) governments, SLTT elected officials, SLTT law enforcement, the private sector, faith-based organizations and colleges and universities, ensuring a unified approach to external engagement.

33. Upon receipt of the initial FOIA request from the ICE FOIA Office, 13 OPE officers conducted a search of their shared drive database using the terms "Citizen," "Citizen's," "Citizen's Academy," "Citizens Academy," "Citizens Academy Atlanta," "Citizens," "HSI Citizen's Academy," "Citizens Academy, CA," "Academy," "HSI Tampa," "HSI Citizens," HSI Citizen Academy," "Citizen Academy," "HSI's Citizen Academy," "Citizen Academy," "James Manning, "Sonia Thomas," and Rachael Yong Yow." They also conducted a search of their sent and received emails using the terms   "Citizen," "Citizen's," "Citizens," "Citizen's Academy," "Citizen Academy," "Citizens Academy," "Citizens Academy Atlanta," "HSI Citizen's Academy," "Citizens Academy, CA," "Academy," "HIS Tampa," "HSI Citizens," HSI Citizen Academy," "Citizen Academy," "HSI's Citizen Academy," "HSI's Citizen's Academy," "Citizen Academy, "James Manning, "Sonia Thomas," "Maricruz," "Tatum," and "Rachael Yong Yow."

34. In total, 343 pages of potentially responsive records were found and sent to the ICE FOIA Office for review and processing.

**HSI's Search in Response to Plaintiffs' FOIA Requests**

35.     ICE HSI is responsible for investigating a wide range of domestic and international activities arising from the illegal movement of people and goods into, within and out of the United States. HSI uses its legal authority to investigate criminal activities such as immigration crime; child exploitation; human rights violations and human smuggling; smuggling of narcotics, weapons and other types of contraband; and financial crimes, cybercrime and export enforcement issues.  In addition to ICE criminal investigations, HSI oversees the agency's international affairs operations and law enforcement intelligence functions.

36.     Upon receipt of the initial FOIA request from the ICE FOIA Office, approximately 67 HSI officers, reviewed the request and conducted a search for responsive records.  The shared drive database was searched using the terms "Citizens," "Citizens Academy," "Citizen's Academy," "Citizen Academy," "Academy," "ICE Citizen Academy," "ICE Citizens Academy," "HSI Citizens Academy," "Citizens Academy Training," Citizens Academy Schedule," "Use of Force," "Citizen's Academy (CA)," "2019 Class," "Invitation," "Participants," "Staff," "Training," "Presentation," "Agenda," "Memo," "Receipts," "Procedures," "Equipment," and "CPI PSA." Searches were also conducted of sent and received emails using the terms  "Citizens," "Citizens Academy," "Citizen's Academy," "Citizen Academy," "Academy," "ICE Citizen Academy," "ICE Citizens Academy," "Citizens Academy Denver," "ICE Citizens Academy," "HSI Citizens Academy," "Citizens Academy Training," Citizens Academy Schedule," "Citizens Academy Nomination," "certificates," "tent cards for participants," "Use of Force," "Citizens '19," "Citizens 2019," "Academy 2019," "Academy 2020," "Citizens Academy 2021," "Academy 2021," "Citizens '20," "Citizens '21," "Scenarios," "Participants,"  "PCTW," "Nominees," "Citizen's Academy (CA)," "2019 Class," "Invitation," "Participants," "Staff," "Training," "Presentation," "Agenda," "Memo," "Receipts," "Procedures," "Equipment," "HSI Miami," and "Staffing."

37.     In total, 5500 pages of potentially responsive records were found and sent to the ICE FOIA Office for review and processing.

## IV. ORGANIZATION OF THE *VAUGHN* INDEX

38.     Pursuant to the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), a *Vaughn* Index accompanies this declaration; the *Vaughn* Index provides a description of each redaction and the corresponding FOIA exemption being applied.

39.     The *Vaughn* index is in a table format. The first column contains the bates number prefix for the records produced. The second column contains the bates stamp suffix (page numbers) of the responsive records. The third column describes the category of withholdings taken on the documents (full or partial). The fourth column describes the redaction codes, which are citations to the sections of the FOIA Exemptions. The fifth column describes the underlying records and provides justifications for the asserted exemptions.

40.     The *Vaughn* index encompasses the responsive records produced by the program offices. ICE made seventeen (17) productions, totaling 6956 pages.  The records contained in these productions were subject to partial withholdings pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).

41.     The 6956 pages of records were released to Plaintiffs on a rolling basis. A complete description of these documents, and the bases for the withholdings of information in them, is detailed in ICE's Vaughn index. Generally, they include email communications between ICE employees regarding the Citizen's Academy program[1], media requests for information pertaining to the program and the proposed responses to same, program materials, and personally identifiable information of civilian nominees and participants in the program.

## V. DESCRIPTION OF FOIA WITHHOLDINGS APPLIED TO RECORDS PROVIDED TO PLAINTIFFS

### FOIA Exemption 5 U.S.C. § 552(b)(5)

---

[1] The HSI Citizens Academy program was created as a community outreach forum in which HSI special agents and managers can invite participants from local communities to learn more about the HSI mission through direct interaction and discussion with agency offices and personnel. Through the Citizens Academy program, HSI strives to enhance public awareness and understanding of HSI and its critical national security and public safety missions, and to build positive community involvement and interaction with the agency.

42.     Exemption 5 of the FOIA allows the withholding of inter- or intra-agency records that are normally privileged in the civil discovery context. Pursuant to Exemption (b)(5), the two most frequently invoked privileges are the deliberative process privilege and the attorney-client privilege.  ICE applied FOIA Exemption (b)(5) to protect from disclosure information subject to the deliberative process privilege.

43.     ICE withheld pre-decisional, deliberative internal discussions, deliberations, and recommendations between DHS and ICE employees regarding how to respond to media inquiries pertaining to the Citizen's Academy program and information pertaining to the operational planning of the program. The final responses to the media were released to Plaintiffs but the internal, pre-decisional and deliberative discussions prior to finalizing the media responses were withheld.

44.     The contents of these discussions and deliberations are pre-decisional in nature because they were prepared by employees within ICE in order to assist in making a final decision on how to respond to the media and to other third-party inquiries.

45.     The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, letters, or emails. Many of the documents withheld contain questions within the documents that are directed to government personnel. They contain recommendations for how to proceed with responding to the media and to Congress.

46.     The deliberations that are exhibited on the records are between ICE employees and these employees must be able to discuss proposed agency action freely. Release of the draft material would serve to profoundly chill the decision-making process across ICE because it would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to produce and circulate materials for the consideration and comment of their peers. Additionally, since these documents contain proposals for agency action, release of these documents may create confusion regarding what positions have actually been adopted by the agency.  Should internal

deliberations between ICE employees and officials be released to the public, this could cause a great likelihood of harassment and annoyance by members of the public. This could hinder ICE employees from conducting their official duties and could disrupt their private lives; could place them in danger as targets of law enforcement investigations and could minimize the ability to effectively conduct future investigations.

47.     In each case, Plaintiffs have been provided with the final response and as such, obtaining the deliberative materials is unnecessary.

## FOIA Exemption 5 U.S.C. § 552(b)(7) Threshold

48.     5 U.S.C. § 552(b)(7) establishes a threshold requirement that, to withhold information on the basis of any of its subparts, the records or information must be compiled for law enforcement purposes.

49.     The information for which the ICE FOIA Office asserted Exemption (b)(7) satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act, codified under Title8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. See 8 U.S.C. § 1103. ICE is the largest investigative arm of DHS and is responsible for identifying and eliminating vulnerabilities within the nation's borders. ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now has more than 20,000 employees and offices in all 50 states and 48 foreign countries, and is responsible for enforcing the nation's immigration laws, and identifying and eliminating vulnerabilities within the nation's borders.

50.     The records and information at issue in this matter pertain to ICE's obligation to accurately portray the work it is doing to further its mission and to allow its employees to conduct work in furtherance of the ICE mission. The records and information at issue in this matter pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally, including internal URLs and law

enforcement techniques. In keeping records related to law enforcement techniques, ICE is acting in the interest of its employees who are working to ensure that these policies are enacted, that they are fair and that they provide the greatest level of safety to the public and to ICE employees. The records and information located in response to Plaintiffs' FOIA requests were collected and compiled by ICE law enforcement officers advancing ICE's law enforcement missions. Therefore, the records and information located in response to the FOIA requests were compiled for law enforcement purposes and meet the threshold requirement of FOIA Exemption 7.

### FOIA Exemptions 5 U.S.C. § 552(b)(6) & (7)(C)

51. FOIA Exemption 6 allows the withholding of information found in "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) ("Exemption 6"). Records that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical" or "similar files" under Exemption 6. When applying this exemption to responsive documentation, the agency must balance the individual's personal privacy interest against the public need for the information.

52. FOIA Exemption 7(C) similarly protects from disclosure records or information "compiled for law enforcement purposes" if a release of the records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)").

53. When asserting Exemptions 6 and 7(C), ICE balances an individual's personal privacy interest against the public's interest in the disclosure of the information.

54. Here, ICE applied Exemption 6 in conjunction with Exemption 7(C) to protect from disclosure the names, contact information, including domain names and email addresses, photographs, office numbers, initials, social security numbers, signatures, and other personally identifiable information ("PII") of third-party individuals (including participants of these programs) and ICE employees.

55.     Such information, if disclosed to the public or to a third-party requester without the permission of the individual, could cause harm to the individual, expose the individual to identity theft and may reasonably lead to unwanted contact from persons that might seek to harm the individual.

56.     Additionally, ICE employees have received an increase in threats, intimidation, and personal attacks in recent years due to the nature of their work. Publicly disclosing employees' PII could subject ICE employees to harassment or harm. Additionally, the release of the email addresses, which are not publicized, could expose employees to an increase of cyber threats.

57.     As to that information specific to ICE employees, the privacy consideration at issue is the interest of each of these individuals in remaining free from harassment, intimidation, doxing and annoyance in conducting their official duties in the future, their interest in remaining free from harassment, intimidation, doxing and annoyance in their private lives, and their interest in not being targeted by individuals in the future who may begrudge them. In recognition of the above described strong privacy interest of all ICE employees, on June 11, 2020, the Office of Personnel Management ("OPM") approved ICE's request to be designated as a "security/sensitive" agency for FOIA purposes, which ensures that OPM would, henceforth, withhold all personally identifying information pertaining to ICE employees.

58.     Furthermore, third party individuals have a recognized privacy interest in not being publicly associated with law enforcement investigations through the release of records compiled for law enforcement purposes. The identities of persons named in law enforcement files (whether or not the named individual is the target of investigations or law enforcement actions) are properly withheld under Exemptions 6 and 7(C) in recognition of the stigmatizing connotation carried by the mere mention of individuals in law enforcement files. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information. Plaintiffs have not articulated a sufficient public interest or public need to justify release of this information. The disclosure of this PII serves no public benefit and would not assist the public in understanding how ICE is carrying out its statutory responsibilities. Additionally, the third parties identified in the records have not consented to the disclosure of their PII.

59.     ICE determined that the disclosure of the information described above would constitute a clearly unwarranted invasion of personal privacy and thus Exemption 6 applied. In addition, ICE determined that disclosure of this information, which was compiled for law enforcement purposes, could reasonably be expected to constitute an unwarranted invasion of personal privacy, and thus Exemption 7(C) applied.

60.     Having determined that the individuals identified in the responsive records have a cognizable privacy interest in not having their information released, ICE FOIA then balanced the interest in safeguarding the individuals' privacy from unnecessary public scrutiny against the public's interest in understanding how ICE performs its statutory duties. Exemptions 6 and 7(C) were applied to prevent disclosure of third-party individuals' identities and PII as well as the identities of ICE personnel. In each instance where Exemptions 6 and 7(C) were applied, the redaction was limited to the name of the individual and all other personally identifiable information, which if released, would not shed any further light as to the operations or activities of ICE. In some redactions, the information surrounding the redactions was released and the limited extent of the redaction is readily apparent from the context of the records.

61.     Based upon the traditional recognition of strong privacy interests in law enforcement records, the categorical withholding of third-party information identified in law enforcement records is appropriate. Moreover, the third parties identified in these records have not provided consent to the release of their personally identifiable information.

## FOIA Exemptions 5 U.S.C. § 552(b)(7)(E)

62.     FOIA Exemption 7(E) affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

63.     Here ICE has applied Exemption 7(E) to law enforcement sensitive information, specifically disclosure of methods that ICE uses to conduct operations. Exemption (b)(7)(E) was also applied to discussions between ICE employees including ICE-specific intranet URLs.

64.     This type of information is utilized for law enforcement purposes as it is in furtherance of ICE's obligation to enforce the immigration laws of the United States by conducting removal operations and ensuring that these operations are not hindered by actions of bad actors who may obtain access to confidential law enforcement sensitive information and intelligence.

65.     Disclosure of this law enforcement sensitive information could assist third parties in circumventing the law. Disclosure of the methods that ICE uses to conduct removal operations could cause interference with removal operations and bad actors could use this information to evade removal.  Additionally, should individuals obtain access to this information, they could use this information to adversely affect law enforcement operations or engage activity that would sacrifice the safety of both ICE employees and the public at large.

66.     The intelligence reports that were withheld contain detailed information on how the techniques and procedures are currently used. If the public were allowed access to this information, then bad actors could utilize this information to change the course of their activities and cause harm in other ways.

67.     The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory duties.


## VI. SEGREGABILITY

68.     5 U.S.C. § 552(b) requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."

69.     A line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.

70.     With respect to the records that were released, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released. ICE did not withhold any non-exempt information on the grounds that it was non-segregable.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this __17th__ day of October 2023.

MERONICA D STONEY
Digitally signed by MERONICA D STONEY
Date: 2023.10.17 13:17:21 -04'00'

_____

Meronica D. Stoney, on behalf of
Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

**Organized Communities Against Deportations v. ICE, et al.**
Civil No.: 21-cv-02519 (N.D. Ill)

U.S. Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2021-ICLI-00050, 122 | Full | **Document Title**:  List of HSI Citizen's Academy Participants

**Document Description**:  HSI Citizen Academy participants.  **ICE no longer asserts (b)(7)(C).**

**Redacted Information:**  Third-party identifiable information including names, addresses, and telephone numbers.

**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 123 | Partial | **Document Title**:  Names of DHS and ICE personnel

**Document Description**:  Names of DHS and ICE personnel and other law enforcement agencies' case number. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

|  |  | **Redacted Information:** Third-party identifiable information including names of DHS and ICE personnel.<br><br>**Reason(s) for Redactions:** The disclosure of the names of ICE and DHS personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. |  |
| 2021-ICLI-00050, 165-168 | Partial | **Document Title**: Email chain titled "RE: HSI Citizens Academy Applications"<br><br>**Document Description**: The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures and e-mail addresses of agency officers. The name and e-mail address for ICE employees are also withheld. **Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** The disclosure of the names of HSI officers and ICE personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Further, disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. Finally, third parties identified in the records have not consented to the disclosure of their PII. | |
| 2021-ICLI-00050, 172-249 | Partial | **Document Title:** Citizen's Academy Application and Nomination Forms

**Document Description:** Citizen Academy Application and Nomination Forms.

**Redacted Information:** Third-party identifiable information including names and signatures of HSI officers.

**Reason(s) for Redactions:** The disclosure of the names of HSI officers could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 250 | Partial | **Document Title:** List of HSI Citizen's Academy Participants<br><br>**Document Description:** HSI Citizen Academy participants.  **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 251 | Partial | **Document Title:** List of HSI Citizen's Academy Participants<br><br>**Document Description:** HSI Citizen Academy participants. **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 252 | Partial | **Document Title:** List of HSI Citizen's Academy Participants<br><br>**Document Description:** HSI Citizen Academy participants. **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |
| 2021-ICLI-00050, 253-255 | Partial | **Document Title:** List of HSI Citizen's Academy Participants<br><br>**Document Description:** HSI Citizen's Academy participants. **ICE no longer asserts (b)(7)(C)**. | Freedom of Information Act 5 U.S.C. |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Third-party identifiable information including names, addresses and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | § 552 (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 370 | Partial | **Document Title:** List of HSI Citizen's Academy Participants<br><br>**Document Description:** HSI Citizen Academy participants.  <u>**ICE no longer asserts (b)(7)(C).**</u><br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |

| | | placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 371-372 | Partial | **Document Title:** HSI New York Citizens Academy<br><br>**Document Description:** HSI Citizen Academy itinerary<br><br>**Redacted Information:** The information withheld in these documents, located at the left-side margin, beneath the titled events, consists of the names of agency officers. The information withheld on page 371, located in the upper corner of the page is part of an address.<br><br>**Reason(s) for Redactions:** The disclosure of the names of HSI officers could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(6)(b)(7)(C) |

| | | interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 375 | Partial | **Document Title**: 2017 HSI Citizen's Academy Participants<br><br>**Document Description:** HSI Citizen Academy participants. <u>**ICE no longer asserts (b)(7)(C)**</u>.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 405 | Partial | **Document Title**: 2018 HSI Citizen's Academy Participants<br><br>**Document Description:**  HSI Citizen Academy participants.  **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:**  Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 415-504 | Partial | **Document Title**: HSI Citizen's Academy Applications<br><br>**Document Description:**  HSI Citizen Academy Applications.<br><br>**Redacted Information:**   Third-party identifiable information including names and signatures of HSI officers.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2021-ICLI-00050, 509 | Partial | **Document Title**: Citizen's Academy 2018<br><br>**Document Description:** HSI Citizen Academy participants. __ICE no longer asserts (b)(7)(C)__.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |
| 2021-ICLI-00050, 510 | Partial | **Document Title**: Citizen's Academy 2018<br><br>**Document Description:** HSI Citizen Academy participants. __ICE no longer asserts (b)(7)(C)__. | Freedom of Information Act 5 U.S.C. § 552 (b)(6) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 513 | Partial | **Document Title**: 2018 HSI Citizen's Academy participants<br><br>**Document Description:** HSI Citizen Academy participants. __ICE no longer asserts (b)(7)(C)__.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting | Freedom of Information Act 5 U.S.C. § 552(b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. <br><br> The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 629 | Partial | **Document Title**: HSI Citizen's Academy participants <br><br> **Document Description:** HSI Citizen Academy participants. __ICE no longer asserts (b)(7)(C)__. <br><br> **Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers. <br><br> **Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 630-671 | Partial | **Document Title**: HSI Citizen's Academy Applications and Nomination forms<br><br>**Document Description:** HSI Citizen Academy Applications.<br><br>**Redacted Information:** Third-party identifiable information including names and signatures of HSI officers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of ICE personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and | Freedom of Information Act 5 U.S.C. § 552 (b)(6)(b)(7)(C), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 702 | Partial | **Document Title**: HSI Citizen's Academy participants<br><br>**Document Description:** HSI Citizen Academy participants. __ICE no longer asserts (b)(7)(C)__.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2021-ICLI-00050, 764 | Partial | **Document Title**: HSI Citizen's Academy participants<br><br>**Document Description:** HSI Citizen Academy participants. <u>**ICE no longer asserts (b)(7)(C)**</u>.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 766 | Partial | **Document Title**: 2019 HSI Citizen's Academy participants<br><br>**Document Description:** HSI Citizen Academy participants. <u>**ICE no longer asserts (b)(7)(C)**</u>.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 919 | Partial | **Document Title**: HSI Citizen's Academy participants. **Document Description:** HSI Citizen Academy participants. **ICE no longer asserts (b)(7)(C)**.

**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.

**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 922-923 | Partial | **Document Title**: 2020 HSI Citizen's Academy participants<br><br>**Document Description:**  HSI Citizen Academy participants.   **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:**  Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 926 | Partial | **Document Title**: 2020 HSI Citizen's Academy participants<br><br>**Document Description:**  HSI Citizen Academy participants.   **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:**  Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 984 | Partial | **Document Title**: Citizen's Academy participants<br><br>**Document Description:**  HSI Citizen Academy participants.   **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:**  Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 988 | Partial | **Document Title**: Citizen's Academy participants<br><br>**Document Description:**  HSI Citizen Academy participants.   **ICE no longer asserts (b)(7)(C)**. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 1942-1943 | Partial | **Document Title**: HSI Citizen's Academy List<br><br>**Document Description:** HSI Citizen Academy participants.  **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:** Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| | | placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 2056-2061 | Partial | **Document Title**: HSI Citizen's Academy<br><br>**Document Description:** HSI Citizen Academy itinerary.<br><br>**Redacted Information:** The information withheld in these documents, located at the center of the page, beneath the titled events page, consists of the names of agency officers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of HSI officers could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 2064-2065 | Partial | **Document Title**: HSI Citizen's Academy<br><br>**Document Description:** HSI Citizen Academy itinerary.<br><br>**Redacted Information:** The information withheld in these documents, located at the center of the page, beneath the titled events page, consists of the names of agency officers.<br><br>**Reason(s) for Redactions:** The disclosure of the names of HSI officers could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 2846 | Partial | **Document Title**: HSI Citizen's Academy List<br><br>**Document Description:**  HSI Citizen Academy participants.  **ICE no longer asserts (b)(7)(C)**.<br><br>**Redacted Information:**  Third-party identifiable information including names, addresses, and telephone numbers.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of third-parties could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br>An ac | |
| 2021-ICLI-00050, 2981-2983 | Partial | **Document Title**: Email chain titled "RE: Story"<br><br>**Document Description**: Email communications between ICE personnel discussing an action plan in response to a news article describing ERO Citizen's Academy.<br><br>**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures, and e-mail addresses of agency officers. The name and e-mail address for ICE employees are also withheld.<br><br>**Reason(s) for Redactions:** The disclosure of the names of ICE and DHS personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information per (b)(5):**<br>The withheld information on bates pages 2981 consists of internal communications in response to a published news article describing ERO Citizen's Academy.<br><br>**Reason(s) for Redactions:** These materials do not reflect final agency actions or policy; instead they are a reflection of the issues the author has determined to be, in their judgement, worthy of discussion or consideration by colleagues or superiors and their release would only serve to confuse the public. Specifically, the author is concerned with article discussing Citizen's Academy unfavorably. The author is expressing their opinion about how the Agency should respond to the article to remediate any potential negative public perception. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications thereby adversely impacting the quality of internal policy decisions and, consequently, the development of ICE agency positions. | |
| 2021-ICLI-00050, 2996-2998 | Partial | **Document Title**: Communications Plan HSI Citizens Academy<br><br>**Document Description:** A communication plan detailing HSI's Citizens Academy. **ICE no longer asserts (b)(7)(E)**. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |
| 2021-ICLI-00050, 3028-3036 | Partial | **Document Title**: Email chain titled "ERO Chicago Rollout for Monday"<br><br>**Document Description:** Email communications between discussing the ICE Public Affairs personnel discussing a communications plan for the launch of Citizens Academy in Chicago. **ICE no longer asserts (b)(5)**.<br><br>**Redacted Information:** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | bottom of the e-mails, consists of the names, signatures and e-mail addresses of ICE Public Affairs employees.<br><br>**Reason(s) for Redactions:**<br>The disclosure of the names of ICE Public Affairs personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 3038-3041 | Partial | **Document Title**: Email chain titled "First thing tomorrow"<br><br>**Document Description:** A continuation of the email chain referenced in entry 2021-ICLI-00050, 2981-2983, *supra*. Bates page 3038 consists of further actions taken in response to the news article discussing ERO Citizen's Academy. Bates pages 3039-3041 are a duplicate of bates pages 2981-2983.<br><br>**Redacted Information per (b)(6), (b)(7)(C):** The disclosure of the names of ICE Public Affairs personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Reasons for Redaction(s):** The disclosure of the names of HSI officers and ICE Office of Public Affairs employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and

controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Further, disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. Finally, third parties identified in the records have not consented to the disclosure of their PII.

**Redacted Information per (b)(5):**
The withheld information on bates pages 3039 consists of internal communications in response to a published news article describing ERO Citizen's Academy. It is a duplicate of bates pages 2981, *supra*.

**Reasons for Redaction(s):** These materials do not reflect final agency actions or policy; instead, they are a reflection of the issues the author has determined to be, in their judgement, worthy of discussion or consideration by colleagues or superiors and their release would only serve to confuse the public.

Specifically, the author is concerned with article discussing Citizen's Academy unfavorably. The author is expressing their opinion about how the Agency should respond to the article to remediate any potential negative public perception. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications thereby adversely impacting the quality of internal policy decisions and, consequently, the development of ICE agency positions.

| | | | |
|---|---|---|---|
| 2021-ICLI-00050, 3082-3084 | Partial | **Document Title**: Email chain titled "FW: Citizens Academy draft"<br><br>**Document Description:** Email correspondences where an HSI Special Agent in Charge seeks a quote from the ICE Public Affairs to add to a forthcoming new article. **ICE no longer asserts _(b)(5)_.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, consists of the names, signatures, phone numbers and e-mail addresses of applicants and/or participants to the Citizen's Academy. The name, phone numbers, and e-mail addresses for ICE officers are also withheld.<br><br>**Reasons for Redaction(s):** The disclosure of the names of HSI officers and ICE Office of Public Affairs employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Further, disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. Finally, third parties identified in the records have not consented to the disclosure of their PII.<br><br>The release of this information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. The deliberative process privilege protects the | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making, in particular, discussions in furtherance of operational planning. The privilege also prevents the premature disclosure of proposed policies, serves to avoid public confusion generated by rationales or decisions not ultimately adopted by an agency, and maintains the integrity of agency decision-making processes by encouraging open and candid discussions between ICE personnel.<br><br>***ICE has released the name of the Special Agent in Charge withheld under Exemption (b)(6), (b)(7)(C) on bates page 3082.*** | |
| 2021-ICLI-00050, 3187-3193 | Partial | **Document Title**: Communication plan<br><br>**Document Description:** A communication plan detailing HSI's Citizens Academy. ICE no longer asserts (b)(5)**.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2021-ICLI-00050, 3196-3203 | Partial | **Document Title**: Email chain titled "ERO Chicago Rollout for Monday"<br><br>**Document Description:** Email communications confirming edits made to an earlier communications plan.<br><br>**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures and e-mail addresses of agency officers. The name and e-mail address for ICE employees are also withheld.<br><br>**Reason(s) for Redactions:** The disclosure of the names of ICE and DHS personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

***ICE has released the information previously withheld under Exemption (b)(5) on bates page 3196-98, 3200-03.*** | |
| 2021-ICLI-00050, 3204-3205 | Partial | **Document Title:** Email chain titled "RE: ERO Citizen's Academy Fact Sheet"

**Document Description:** Email communications between ICE Public Affairs employees discussing a fact sheet based on a "Q&A." **ICE no longer asserts (b)(5).**

**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures, and e-mail addresses of ICE employees.

**Reason(s) for Redactions:** The disclosure of the names of ICE Congressional Relations and Legislative Affairs personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>***ICE has released the names of its Office of Public Affairs employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on page 3204.*** | |
| 2021-ICLI-00050, 3264-3270 | Partial | **Document Title:** Email chain titled "RE: HSI Media Issue – Los Angeles Times Request for HQ Interview"<br><br>**Document Description:** Email communications between ICE Public Affairs personnel scheduling, and then, discussing a news outlet's interview of an 's HSI's Executive Associate Director. <u>**ICE no longer asserts (b)(5) or (b)(7)(C).**</u><br><br>**Redacted Information per (b)(6):** The information withheld in these documents, located in the body of bates pages 3264, 3267, 3269 contains the name of a third-party journalist.<br><br>**Reason(s) for Redactions:** The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>***ICE has released the name of the SAC previously withheld information previously withheld under Exemption (b)(7)(C) on bates page 3269. In addition, ICE has released the names of its Office of Public Affairs employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 3264-70.*** | |
| 2021-ICLI-00050, 3335-3340 | Partial | **Document Title**: Email chain titled "CRO Citizens Academy Documents"<br><br>**Document Description**:  Email communications where ICE personnel share a finalized timeline for planning Citizens' Academy. <u>**ICE no longer asserts (b)(5)**</u><br><br>**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures, and e-mail addresses of agency officers.  The name and e-mail address for ICE employees are also withheld.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of ICE and DHS personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 3341 | Partial | **Document Title**: Email chain titled "ERO Citizens Academy workgroup Call"<br><br>**Document Description:** An email communication where an ICE employee gives gratitude to other ICE personnel for participating in Citizens Academy related phone call.<br><br>**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures and e-mail addresses of agency officers. The name and e-mail address for ICE employees are also withheld.<br><br>**Reason(s) for Redactions:** The disclosure of the names of ICE and DHS personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(7)(E) |

| | | activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| | | **Redacted Information per (b)(7)(E):** HSI internal site on bates page 3341. | |
| | | **Reasons for Redaction(s) per (b)(7)(E):** Exemption 7(E) affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. | |
| | | The information withheld on these pages protects the release of URLs which are unique addresses for files accessible on the Internet and could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure could assist third parties in deciphering the meanings of the codes and could allow an individual to navigate, alter or manipulate a law enforcement internal site if they were to gain access to the site. Disclosure of these techniques and practices in navigating an internal site could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. How law enforcement officers access and use internal sites is a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2021-ICLI-00050, 3342-3343 | Partial | **Document Title**: Email chain titled "ERO Citizens Academy workgroup" <br><br> **Document Description:** Email communications where ICE personnel share an agenda for a Citizens Academy workgroup meeting on April 17, 2020. **ICE no longer asserts (b)(5).** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures, and e-mail addresses of agency officers.  The name and e-mail address for ICE employees are also withheld.<br><br>**Reason(s) for Redactions:**   The disclosure of the names of ICE and DHS personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>**Redacted Information per (b)(7)(E):**  HSI internal site on bates page 3343.<br><br>**Reasons for Redaction(s):**  Exemption 7(E) affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. | (b)(5), b(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | The information withheld on these pages protects the release of URLs which are unique addresses for files accessible on the Internet and could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.<br><br>Disclosure could assist third parties in deciphering the meanings of the codes and could allow an individual to navigate, alter or manipulate a law enforcement internal site if they were to gain access to the site. Disclosure of these techniques and practices in navigating internal sites could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. How law enforcement officers access and use internal sites is a law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2021-ICLI-00050, 3427-3429 | Partial | **Document Title:** Email chain titled "RE: ERO Citizens Academy Workgroup"<br><br>**Document Description:** Email communications between ICE Partnership and Engagement personnel related to the scheduling of an April 17, 2020, Citizens Academy Workgroup meeting.<br><br>**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures, and e-mail addresses of agency officers. The name and e-mail address for ICE employees are also withheld.<br><br>**Reason(s) for Redactions:** The disclosure of the names of ICE Partnership and Engagement personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5), (b)(7)(E) |

Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Redacted Information per (b)(5):** The withheld information consists of internal communications related to a draft press release/report. This withheld information includes internal conversations pertaining to organizing a working group, the goals of the working group, and various potential assignments for the working group that is intended for ICE/HSI personnel only.

**Reasons for Redaction(s):** The information is properly withheld as deliberative material per (b)(5), which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. These materials do not reflect final agency actions or policy; instead, they are a reflection of the issues the author has determined to be, in their judgement, worthy of discussion or consideration by colleagues or superiors and their release would only serve to confuse the public.

Specifically, within the email chain, an ICE employee is discussing potential deliverables for the first working group call with other ICE employees. The communications are an attempt to finalize an agenda for the call. The purpose of the working group is to develop a then upcoming Citizen's Academy. The email correspondence took place on April 15, 2020, just two days before the scheduled working group call on April 17, 2020. The release of this internal information would

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications thereby adversely impacting the quality of internal policy decisions and, consequently, the development of ICE agency positions.<br><br>**Redacted Information per (b)(7)(E):**<br><br>HSI internal site on bates page 3429.<br><br>**Reasons for Redaction(s):**<br>Exemption 7(E) affords protection to all law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.<br><br>The information withheld on these pages protects the release of URLs which are unique addresses for files accessible on the Internet and could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.<br>Disclosure could assist third parties in deciphering the meanings of the codes and could allow an individual to navigate, alter or manipulate law enforcement databases if they were to gain access to | |
| 2021-ICLI-00050, 3492-3494 | Partial | **Document Title:** Email chain titled "RE: Recent Articles re: Citizens Academy"<br><br>**Document Description:** Email communications between ICE Public Affairs and ERO personnel discussing proposed responses to a recent article about Citizens Academy.<br>.<br>**Redacted Information per (b)(6), (b)(7)(C):** The information withheld in these documents, located at the top of the page, next to the "From," "To," and "Cc" fields, within the e-mail, and at the signature block at the bottom of the e-mails, consists of the names, signatures, and e-mail addresses of agency officers. The name and e-mail address for ICE employees are also withheld. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redaction:** The disclosure of the names of ERO personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

The disclosure of third-party PII could reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

**Redacted Information per (b)(5):** The withheld information consists of internal communications, where ERO seeks assistance from ICE's Office of Public Affairs to develop ERO's response to a set of articles about Citizen's Academy. This withheld information includes internal conversations pertaining to the language of the proposed response, that is intended for ICE/HSI personnel only**.** The proposed response seeks to clarify incorrect information contained in the articles about Citizen's Academy and to remedy any negative public perception towards Citizen's Academy caused by the articles.

**Reasons for Redaction(s):** The information is properly withheld as deliberative material per (b)(5), which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | inter-agency or intra-agency memoranda or letters. These materials do not reflect final agency actions or policy; instead, they are a reflection of the issues the author has determined to be, in their judgement, worthy of discussion or consideration by colleagues or superiors and their release would only serve to confuse the public.<br><br>Specifically, within the email chain, ERO is seeking assistance from the ICE's Office of Public Affairs to create strategy to combat perceived negative public perceptions that may result from the published articles about Citizen's Academy.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications thereby adversely impacting the quality of internal policy decisions and, consequently, the development of ICE agency positions.<br><br>***ICE has released the name of an Office of Public Affairs employee previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 3492-94.*** | |
| 2021-ICLI-00050, 3659-3686 | Partial | **Document Title:** PowerPoint beginning with the DHS logo.<br><br>**Document Description:** This PowerPoint discusses loading and unloading of weapons, basic safety, range instructions, and when the participant should contact an instructor.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made on pages 3666 and 3668 discussing law enforcement techniques, specifically loading the firearm, and post engagement procedures.  Further, partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(c) were made to faces of HSI personnel and/or third parties on pages 3667, 3670-3672, 3679 and 3686.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES).  This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law.  Exemption | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | (b)(7)(E) is asserted to protect the disclosure of law enforcement techniques of loading a firearm and post-engagement procedures. Knowledge of law enforcement techniques could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States. The redacted information is related to law enforcement techniques used while loading a firearm and post engagement procedures law enforcement should follow. The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and email addresses of HSI personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.
The names and faces of the third parties were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2021-ICLI-00050, 3794-3818 | Partial | **Document Title:** PowerPoint titled "Homeland Security Investigations Interviewing Training Program"<br><br>**Document Description:** This PowerPoint discusses the main ideas behind investigative interviews, planning for the interviews, and techniques used in conducting of interviews.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made on page 3802 and 3816 to law enforcement techniques used while conducting interviews. Bates number 3805 discusses other law enforcement techniques used to determine any other source of information while investigating a crime.<br><br>**Reason(s) for Redactions:**<br><br>FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Exemption (b)(7)(E) is asserted to protect the disclosure of specific law enforcement techniques on how to evaluate sources of information while investigating a crime. Knowledge of specific law enforcement techniques could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by avoiding to reveal critical information. In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States. The redacted information is related to law enforcement techniques used while interviewing witnesses and victims of crimes. The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |
| 2021-ICLI-00050, 3992-3993 | Partial | **Document Title:** Email titled "FW: [redacted] BCAST – HSI Citizens Academy Permissible Uses of Appropriated Funds" and "[redacted] BCAST – HSI Citizens Academy Permissible Uses of Appropriated Funds" | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Document Description:** This email is from HSI Domestic Operations to HSI personnel, which was then disseminated as a forwarded email. The email contains guidance as to what is permissible and impermissible funding of appropriated funds.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(c) were made to names, phone numbers, and email address names of HSI personnel. **Please note, ICE no longer asserts Exemptions (b)(6) and (b)(7)(c) on the top of page 3992 pertaining to the SAC, nor (b)(5) on the bottom of page 3992.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and email addresses of HSI personnel, could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The names and faces of the third parties were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the | (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | disclosure of which could reasonably be expected to risk circumvention of the law.  Exemption (b)(7)(E) is asserted to protect the disclosure of law enforcement systems/databases used to investigate and deconflict potential targets.   Knowledge of law enforcement systems/databases and its identifiers could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States.  The redacted information is a link to an HSI intranet site.  The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2021-ICLI-00050, 4926-4935 | Partial | **Document Title:** Untitled PowerPoint Photographs<br><br>**Document Description:** These PowerPoint slides contain pictures of HSI employees and third parties from HSI's Inaugural Citizen's Academy of September 18-October 30, 2019.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(c) were made to photographs and names of HSI personnel and third-party attendees. **<u>Please note, ICE no longer asserts Exemptions (b)(6) and (b)(7)(c) as to the name of Special Agent in Charge, Tracy Cormier, on page 4934.</u>**<br><br>**Reason(s) for Redactions:**  FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and faces of HSI personnel, could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The names and faces of the third parties were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2021-ICLI-00050, 5122-5138 | Partial | **Document Title:** PowerPoint titled "Homeland Security Investigations Firearms Instructors Firearms Safety and Basic Handling and Marksmanship"<br><br>**Document Description:** This PowerPoint discusses escalation, de-escalation and force-on-force training.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to the organizational chart located on page 5137. Further, partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(c) were made to an HSI Agents names on page 5122 and faces on page 5137.<br><br>**Reason(s) for Redactions:** FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Exemption (b)(7)(E) is asserted to protect the disclosure of law enforcement organizational structure. Knowledge of the specific law enforcement organizational chart, including the number of agents designated, could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States. The redacted information is an HSI organizational chart, outlying the number of agents assigned to each group of assistant special agents. The disclosure of all this law enforcement operational information | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and faces of HSI Agents, the Special Agent in Charge, and the Deputy Agent in Charge could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 5145-5160 | Partial | **Document Title:** PowerPoint titled "Homeland Security Investigations Defense tactics"<br><br>**Document Description:** This PowerPoint discusses escalation and de-escalation and force-on-force training.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to the type of impact weapon used with a hard technique on pages 5157. Further, partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(c) were made to an HSI Agents on page 5145 and faces on page 5145 and 5160.<br><br>**Reason(s) for Redactions:** FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Exemption (b)(7)(E) is asserted to protect the disclosure of a specific law enforcement impact weapon used with a hard technique. Knowledge of a specific law enforcement weapon used could permit | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(7)(E) |

| | | people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States. The redacted information is regarding exact model and make of weapons issued to law enforcement personnel. The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names of the ICE Officers could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Also, the faces of potential third-party officers or actors were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2021-ICLI- | Partial | **Document Title:** PowerPoint titled "Mindset and the Law Enforcement Profession" <br> **Document Description:** This PowerPoint discusses escalation and de-escalation and force-on-force training. | Freedom of Information Act 5 U.S.C. |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 00050, 5655-5669 | | **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to surveillance techniques on page 5655. Also, the same exemption was used on page 5682 through 5690 discussing and law enforcement techniques and the illustrations of said techniques in photographs. Further, partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(c) were made to an HSI Agent on page 5654 and an HSI instructor on page 5659.<br><br>**Reason(s) for Redactions:** FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Exemption (b)(7)(E) is asserted to protect the disclosure of law enforcement systems/databases used to investigate and deconflict potential targets. Knowledge of law enforcement surveillance techniques could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States. The redacted information includes information regarding surveillance used during law enforcement operations, photos of sensitive areas inside law enforcement facilities, maps and markers of sensitive law enforcement training provided to ICE personnel. The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names of the HSI personnel could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The | § 552 (b)(6), (b)(7) (C), (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 5672-5690 | Partial | **Document Title:** PowerPoint titled "Welcome, Introductions, Overview of the Firearms Program" <br><br> **Document Description:** This PowerPoint <br><br> **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(E) were made to specific name of a weapon used for application of hard techniques in use of force scenarios on page 5675 and 5679.  Also, the same exemption was used on page 5682 through 5690 discussing and law enforcement techniques relating to rescue missions and illustrating said techniques in photographs. <u>**Please note, no (b)(6) or (b)(7)(c) were found within these bates numbers.**</u> <br><br> **Reason(s) for Redactions:**  FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Exemption (b)(7)(E) is asserted to protect the disclosure of specific law enforcement  weapons used and law enforcement techniques for rescue missions and illustrating said techniques in photographs and related comments.   Knowledge of specific law enforcement weaponry and techniques could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States.  The redacted information includes information regarding exact model and make of weapons issued to law enforcement personnel and maps and markers of sensitive law enforcement training provided to ICE personnel. The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |
| 2021-ICLI- | Partial | **Document Title:** Email titled "Citizens Academy Summary" | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 00050, 5818-5820 | | **Document Description:** This email is an overview of key topics discussed at the Citizens Academy Training<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and email addresses of HSI and ICE employees. Further, partial redactions pursuant to FOIA Exemption (b)(7)(E) were made on page 5819 to law enforcement sensitive techniques discussed. **Please note, ICE no longer asserts Exemptions (b)(5) as to the center of page 5819.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): The names of the third parties were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br>FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES).  This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law.  Exemption (b)(7)(E) is asserted to protect the disclosure of specific law enforcement techniques discussed. Knowledge of specific law enforcement techniques could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.  In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States.  The redacted information includes information regarding exact model and make of weapons issued to law enforcement personnel and maps and markers of sensitive law enforcement training provided to ICE personnel.  The disclosure of all this | Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7) (C), (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2021-ICLI-00050, 5830-5831 | Partial | **Document Title:** Document titled "Homeland Security Investigations New York"<br><br>**Document Description:** This document contains names of speakers and a schedule for HSI New York Citizens Academy Graduation Ceremony.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and titles of the 2019 HSI Citizen's Academy Participants. **Please note, ICE no longer asserts Exemptions (b)(6) and (b)(7)(c) as to the names of the Special Agents in Charge.**<br><br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): The names of the third parties were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6)(b)(7)(C) |
| 2021-ICLI-00050, 5832 | Partial | **Document Title:** Document titled "2019 HSI Citizen's Academy Participants"<br><br>**Document Description:** This document contains names and professional titles of 2019 HSI Citizen's Academy Participants.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and titles of the 2019 HSI Citizen's Academy Participants. **Please note, ICE no longer asserts Exemptions (b)(6) and (b)(7)(c) as to the participants' titles.** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): The names of the third parties were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2021-ICLI-00050, 5980-5989 | Partial | **Document Title:** PowerPoint Slides labeled "Homeland Security Investigations, Citizen's Academy"<br><br>**Document Description:** PowerPoint regarding HSI Houston's Gang Investigations, with slides discussing how gangs are defined, how a gang member is defined, what HSI Houston gang investigations do.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of an ICE Special Agent on page 5989. Partial redactions pursuant to FOIA Exemptions (b)(7)(E) to surveillance photographs on pages 5985-5986.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
| --- | --- | --- | --- |
| | | Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemptions (b)(7)(E): Portions of information in the document is properly withheld under FOIA exemption (b)(7)(E) because they are law enforcement sensitive (LES). This Exemption protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Exemption (b)(7)(E) is asserted to protect the disclosure of law enforcement surveillance photographs. Knowledge of law enforcement surveillance photographs could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. In addition, this Exemption also protects the disclosure of law enforcement techniques and procedures used by federal officers who are acting pursuant to duly enacted laws passed by Congress that provide the authority to make administrative arrests of removable noncitizens inside the United States. The redacted information includes surveillance photographs revealing positioning of surveillance and depicting undercover operation strategy. The disclosure of all this law enforcement operational information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2021-ICLI-00050, 6046--6049 | Partial | **Document Title:** Email titled "RE: [ICE OPA] ICE ERO Chicago Citizen's Academy"<br><br>**Document Description:** Email exchange between OPA and ICE employees with a news release, noting edits were incorporated.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6046-6049. In addition, ICE has released the names of its Office of Public Affairs public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6046-6049.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6050-6054 | Partial | **Document Title:** Email titled "RE: OPA ISSUE: ERO Citizen Academy interview with Fox News" on page 6059, Email titled "FW: OPA ISSUE: ERO Citizen Academy interview with Fox News" on the bottom of page 6061, and "Media inquiry VERY time sensitive – ICE Citizen Academy" on the bottom of page 6053.

**Document Description:** Email exchange between FOX reporter to OPA and ICE employees requesting an interview on Chicago's Citizen Academy, and coordinating said interview with talking points. There were subsequent internal conversations between OPA and ICE employees regarding the reporter and flagging of typographical errors of a draft communication.
**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the center and bottom of 6050 the top portion of of 6051, the bottom portion of 6051 and the body of the emails on pages 6052-6053, or Exemptions (b)(6) and (b)(7)(c) to the FOX reporter on the "from" field on bottom of page 6053 and the signature line on page 6054. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees and officials previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6050-6054.**

**Reason(s) for Redactions:**
FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6055-6058 | Partial | **Document Title:** Email titled "RE: OPA ISSUE: ERO Citizen Academy interview with Fox News" on page 6059, Email titled "FW: OPA ISSUE: ERO Citizen Academy interview with Fox News" on the bottom of page 6061, and "Media inquiry VERY time sensitive – ICE Citizen Academy" on the bottom of page 6057.<br><br>**Document Description:** Email exchange between FOX reporter to OPA and ICE employees requesting an interview on Chicago's Citizen Academy, and coordinating said interview with talking points.  There were subsequent internal conversations between OPA and ICE employees regarding the reporter.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the center of 6055 the top portion of 6056 and the top of 6057, or Exemptions (b)(6) and (b)(7)(c) to the FOX reporter on the "from" field on bottom of page 6057 and the signature line on page 6058. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees and officials previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6055-6058.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6059-6065 | Partial | **Document Title:** Email titled "RE: OPA ISSUE: ERO Citizen Academy interview with Fox News" on page 6059, Email titled "FW: OPA ISSUE: ERO Citizen Academy interview with Fox News" on the bottom of page 6061, and "Media inquiry VERY time sensitive – ICE Citizen Academy" on page 6064.

**Document Description:** Email exchange between FOX reporter to OPA and ICE employees requesting an interview on Chicago's Citizen Academy, and coordinating said interview with talking points. There were subsequent internal conversations between OPA and ICE employees regarding the reporter and coordinating with other news media outlets.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the center of 6062 through the bottom of 6063, or Exemptions (b)(6) and (b)(7)(c) to the FOX reporter on the "from" field on top of page 6064 and the signature line on page 6064. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6059-6065.**
**Reason(s) for Redactions:**
FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6070-6071 | Partial | **Document Title:** Email titled "RE: Press query re: Citizens Academies" on page 6070 and Email entitled "Press query re: Citizens Academies" on page 6071.<br><br>**Document Description:** Email exchange between OPA and ICE employees providing an agency statement regarding citizen's academy in Chicago.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the bottom of page 6070. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees and Thomas Reuters reporter previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6070-6071.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C), (b)(5) |
| 2021-ICLI- | Partial | **Document Title:** Email titled "RE: Story" and "Story" | Freedom of Information Act 5 U.S.C. |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 00050, 6072-6074 | | **Document Description:** Email exchange between ERO, OPA, and ICE employees regarding opinions as to a news article, with the news article attached.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the center of page 6072 through 6074. In addition, ICE has released the names of a Daily mail reporter on the bottom of page 6072, and its Office of Public Affairs or otherwise public-facing employees and officials previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6070-6074.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | § 552 (b)(6),(b)(7)(C), (b)(5) |
| 2021-ICLI-00050, 6077-6082 | Partial | **Document Title:** Email titled "RE: Univision Interview RE: ERO Chicago Rollout for Monday" and "Univision Interview RE: ERO Chicago Rollout for Monday" on page 6077, and "RE: ERO Chicago Rollout for Monday" on page 6078.<br><br>**Document Description:** Email exchange between OPA and ICE employees regarding a rollout plan and news release. There is also an inquiry as to whether an interview with Chicago's Univision can still occur.<br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the top and center of page 6077, and from the center of** | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **6078 through 6082. In addition, ICE has released the names of a Telemundo report on the bottom of page 6075 and center of page 6076, and its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6077-6082.**<br><br>Reason(s) for Redactions:<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6087-6088 | Partial | **Document Title:** Email titled "RE: Citizens Academy draft" and "FW: Citizens Academy draft"<br><br>**Document Description:** Email exchange between HSI, OPA and ICE employees drafting language for a press release regarding HSI Citizen's Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of the email located on 6087. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6087-6088.**<br>Reason(s) for Redactions:<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| | | investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6089-6095 | Partial | **Document Title:** Email titled "HSI Citizens Academy Communications Plan"<br><br>**Document Description:** Email exchange between OPA and ICE employees distributing a communication plan for HSI Citizens Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the pages 6090-6095. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6089-6095.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2021-ICLI-00050, 6107-6109 | Partial | **Document Title:** Email titled "Chicago Citizen's Academy News Release and FAQs"<br><br>**Document Description:** Email exchange between OPA and ICE employees providing fact sheet for distribution.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the pages 6107 through the top of 6109. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6107-6109.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 6110-6117 | Partial | **Document Title:** Email titled "Citizens Academy Draft Syllabus" on page 6110, Email titled "Citizens Academy Travel Funds" on page 6111 and Outline of Instructions on pages 6113-6117<br><br>**Document Description:** Email exchange between HSI and ICE employees providing a draft syllabus for the Citizen's Academy and providing availability as to travel funds available to visit a site or to bring additional support from outside the local area.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no** | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **longer asserts Exemption (b)(5) as to the bottom of page 6111 and draft syllabus on pages 6113-6117. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6110-6117.** **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6131-6139 | Partial | **Document Title:** Email titled "ERO Chicago Rollout for Monday" on page 6131 and Email titled "RE: DRAFT NR: Chicago ICE officers to host first ERO Citizen's Academy" on the bottom of 6134. **Document Description:** Email exchange between OPA and ICE employees providing a roll out plan, with edits and comments, and a press release announcing Chicago ERO's Citizen Academy. **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6131-6139.** In addition, **ICE no longer asserts Exemption (b)(5) as to the body of page 6131 through the center of 6134, the bottom of 6134 through the top of 6136, and the center of 6136, the top, center, and bottom of 6137 through the top of 6139.** **Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6141-6144 | Partial | **Document Title:** Email titled "First thing tomorrow" on page 6141 and "RE: Story" on page 6141 and 6142

**Document Description:** Email exchange between OPA and ICE employees concerning contacting Spanish media outlets covering Citizen's Academy on and comments on the DailyMail article.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of the email on the top and bottom of 6141 and 6142 through 6144. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees or officials previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6141-6144, and the Daily Mail reporter's name in the center of 6142.**

**Reason(s) for Redactions:**
FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6165-6167 | Partial | **Document Title:** Email titled "FW: ERO Chicago Citizens Academy"<br><br>**Document Description:** Email exchange between OPA and ICE employees requesting a template Citizens Academy invitation letter to prospective participants.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the bottom of page 6165, and no longer asserts Exemption (b)(6) and (b)(7)(c). As to the DailyMail.com writer on the "from" field on page 6165, the "from" field on the top of page 6166 , the "from" field on page 6167, in the introduction in the middle of page 6167, and signature line on the bottom of page 6167. In addition, ICE has released the names of its Office of Public Affairs or otherwise public-facing employees previously and the Daily Mail reporter, withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6165-6167.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6295-6298 | Partial | **Document Title:** Email titled "RE: Chicago Citizen's Academy News Release and FAQs"<br><br>**Document Description:** Email exchange between OPA and ICE employees requesting a template Citizens Academy invitation letter to prospective participants.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6295-6298. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6295-6298.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 6299-6302 | Partial | **Document Title:** Email titled "RE: Chicago Citizen's Academy"<br><br>**Document Description:** Email exchange between OPLA employees inquiring about responding to a Daily Mail article, with comments as to how to respond. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of page 6299-6302. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6299-6302.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6370-6371 | Partial | **Document Title:** Email titled "Citizens Academy invite letter"<br><br>**Document Description:** Email exchange between ICE employees requesting a template Citizens Academy invitation letter to prospective participants.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of page 6390, and no longer asserts Exemptions (b)(5),(b)(6), and (b)(7)(c) as to pages 6391, 6392, and the top portion of 6393. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6370-6371.**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6390-6393 | Partial | **Document Title:** Email titled "RE: Daily Mail"<br><br>**Document Description:** Email exchange between ICE employees concerning a Daily Mail article published, and whether a response is appropriate.<br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of page 6390, and as to pages 6391, 6392, and the top portion of 6393. In addition, ICE has released the names of its Office of Public Affairs or otherwise public-facing employees and Daily Mail reporter previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6390-6393.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6394-6398 | Partial | **Document Title:** Email titled "RE: Daily Mail"<br><br>**Document Description:** Email exchange between ERO, OPE, and ICE employees concerning a Daily Mail article published, and whether a response is appropriate.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **<u>Please note, ICE no longer asserts Exemption (b)(5) as to the body of pages 6394,6396, 6397, and the top portion of 6398. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees and Daily Mail reporter previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6394-6398.</u>**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
| 2021-ICLI- | Partial | **Document Title:** ICE letter | Freedom of Information Act 5 U.S.C. |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 00050, 6399 | | **Document Description:** Letter directed "To Whom It May Concern" to members of the community who have shown interest in ERO Chicago's Citizens Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the suite number of the Chicago Field Office.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the suite number could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | § 552 (b)(6), (b)(7) (C) |
| 2021-ICLI-00050, 6401-6404 | Partial | **Document Title:** Email titled "RE: DRAFT NR: Chicago ICE officers to host first ERO Citizen's Academy"<br>**Document Description:** Email exchange between OPA Officers and ICE employees concerning edits and comments of a draft news release for ERO Chicago's Citizen's Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6401-6404. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6401-6404.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7) (C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6405-6408 | Partial | **Document Title:** Email titled "RE: DRAFT NR: Chicago ICE officers to host first ERO Citizen's Academy"<br><br>**Document Description:** Email exchange between OPA Officers and ICE employees concerning edits and comments of a draft news release for ERO Chicago's Citizen's Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6405-6407. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6405-6408.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6409-6412 | Partial | **Document Title:** Email titled "RE: DRAFT NR: Chicago ICE officers to host first ERO Citizen's Academy"<br><br>**Document Description:** Email exchange between OPA Officers and ICE employees concerning edits and comments of a draft news release for ERO Chicago's Citizen's Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6409-6411. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6409-6412.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
| 2021-ICLI- | Partial | **Document Title:** Email titled "DRAFT NR: Chicago ICE officers to host first ERO Citizen's Academy" | Freedom of Information Act 5 U.S.C. |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 00050, 6413-6416 | | **Document Description:** Email exchange between OPA Officers and ICE employees concerning the preparation of a rollout plan for ERO Chicago's Citizen's Academy.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6413-6415. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6413-6416.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | § 552 (b)(5), (b)(6), (b)(7)(C) |
| 2021-ICLI-00050, 6417-6422 | Partial | **Document Title:** Email titled "RE: DRAFT ROLLOUT/COMMS PLAN: ICE ERO Citizen's Academy in Chicago"<br><br>**Document Description:** Email exchange between OPA Officers and ICE employees concerning the preparation of a draft communication plan for ERO Chicago's Citizen's Academy.<br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to pages 6419 - 6422. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6417-6422.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6428 | Partial | **Document Title:** Email titled "ERO Chicago Rollout for Monday"<br><br>**Document Description:** Email exchange between OPA and ICE employees concerning the use of FAQs to respond to inquiries.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of the email on pages 6428. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6428.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2021-ICLI-00050, 6436-6437 | Partial | **Document Title:** Emails titled "ERO Citizen's Academy Fact Sheet" on page 6437 and "RE: ERO Citizen's Academy Fact Sheet" on page 6436<br><br>**Document Description:** Email exchange between ICE employees concerning the use of FAQs to respond to inquiries.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of ICE employees. **Please note, ICE no longer asserts Exemption (b)(5) as to the body of the emails on pages 6436 and 6437. This information is being withheld under Exemption (b)(6) and (b)(7)(c) only. In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6436-6437.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2021-ICLI-00050, 6469-6475 | Partial | **Document Title:** Email titled "RE: HSI Citizens Academy Communications Plan"<br><br>**Document Description:** Email exchange between ICE Public Affairs employees distributing a communications plan.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, email address and phone number of the ICE employees. **In addition, ICE has released the names of its Office of Public Affairs and otherwise public-facing employees previously withheld under Exemptions (b)(6) and (b)(7)(C) on pages 6469-6475.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the email addresses, names, and phone numbers of ICE employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7) (C) |